### LOUISELL v. BENZIE CIRCUIT JUDGE.

MANDAMUS—QUESTIONS CONSIDERED.

An information for forgery was quashed, and defendant remanded to the sheriff for 24 hours in which to allow the prosecuting attorney to file new information, or take such other steps as he might deem proper. The prosecuting attorney then swore to a complaint charging defendant with obtaining money by false pretenses on the alleged forged check, and such proceedings were had that defendant was bound over for trial. Subsequently the prosecuting attorney made an informal ex parte motion to vacate the order quashing the information, and, on its denial, brought mandamus. Held, that the prosecuting attorney, by causing the accused to be bound over for trial for obtaining money by false pretenses, acquiesced in the quashal of the prior information, and the motion to vacate the order to quash being oral and without notice to the accused, the application for mandamus would be denied, without considering the legal sufficiency of the information for forgery.

Mandamus by M. E. Louisell, prosecuting attorney of Benzie county, to compel Clyde C. Chittenden, circuit judge of Benzie county, to vacate an order quashing an

information.    Submitted January 3, 1905.    (Calendar No. 20,873.)    Writ denied February 4, 1905.

*M. E. Louisell*, in pro. per.

*M. G. Paul*, for respondent.

BLAIR, J.    One William Peak was arraigned by petitioner, as prosecuting attorney, before respondent, upon an information charging that on the 25th day of October, A. D. 1904, he "feloniously did then and there utter and publish as true a certain false, forged, and counterfeit order for the payment of money, commonly called a check, which said false, forged, and counterfeited order for the payment of money, commonly called a check, is as follows, to wit:

" 'TRAVERSE CITY, MICH., Oct. 16, 1904.    No.———.
" ' Traverse City State Bank.    Pay to the order of Hannah & Lay Merc. Co., $66.00, Sixty-six dollars.
[Sig.]    " 'NORTHERN MICH. TRANSP. CO.
[Indorsed]    " 'HANNAH & LAY MERC. CO.
" 'JAMES McDONALD.' "

Counsel for Peak moved to quash this information, substantially for the reason that inasmuch as October 16, 1904, the date of the check, was Sunday, the check was void, and not the subject of forgery, whereby the uttering and publishing thereof was not a crime.

The court adopted this view, and entered an order quashing the information, and remanding the defendant to the custody of the sheriff " for a period of twenty-four hours, in which to allow the prosecuting attorney to file new information, or take such other steps as he may deem proper."

Within the 24 hours allowed by the order, petitioner himself swore to a complaint charging defendant, Peak, with obtaining money by false pretenses upon this same check.    A warrant was issued, and such proceedings had thereon that Peak was bound over to the next term of court, commencing January 16, 1905, for trial.    After

Peak had been bound over for trial on the charge of obtaining money by false pretenses, and on or about the last day of the November term of court, petitioner made an informal, ex parte motion to vacate the order quashing the information for uttering the forged check. This motion was denied, and respondent returns that his reasons for such denial were: (1) Because his decision was correct, as a matter of law; (2) because petitioner acquiesced in respondent's action, and procured defendant, Peak, to be bound over for trial on a charge of false pretenses growing out of the same transaction, before making his motion to vacate; (3) because said motion was oral, informal, and ex parte, without notice to defendant, Peak, or his counsel, and after the jury had been discharged.

In view of the fact that petitioner has caused Peak to be bound over for trial, and can try him at the present January term of the Benzie circuit court for the offense of obtaining money under false pretenses upon the same check he was charged with uttering as forged, as well as for the other reasons assigned by respondent for his action under the second and third headings, we do not feel inclined to consider the question of the legal sufficiency of the information for uttering the forged check, but will deny the application for the writ.

MOORE, C. J., and McALVAY, GRANT, and HOOKER, JJ., concurred.